UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KAREN DENISE JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | Case No. 4:13CV1762 CDP |
| WELLS FARGO HOME MORTGAGE, | ) ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

Plaintiff Karen Denise Jones has brought this pro se action against Wells Fargo Home Mortgage, alleging that it acted unlawfully when it initiated foreclosure of her home. Wells Fargo has moved to dismiss Jones' claims under Rule 12(b)(6), Fed. R. Civ. P. Although I have construed Jones' complaint liberally and taken all her factual allegations as true, I conclude that she has not stated a claim for which relief can be granted. Therefore, as explained more fully below, I will dismiss this action.

**I.     Background**

In 1997, Jones purchased a home in Crystal City, Missouri. She executed a deed of trust on the home to secure a mortgage loan from her lender. Sometime thereafter, her lender sold Jones' loan to Wells Fargo. On October 29, 2012, Wells Fargo initiated foreclosure proceedings against Jones. That same week, Wells

Fargo sold the home to the Federal National Mortgage Association. Jones alleges that before Wells Fargo commenced foreclosure, she attempted to pay off her outstanding debt on two separate occasions, but Wells Fargo did not respond, either by accepting or returning her attempted payments.

In response to Wells Fargo's motion to dismiss, Jones filed copies of her attempted payments, which were two personal checks[1] with the words "EFT ONLY" and "FOR DISCHARGE OF DEBT" written on the front and "NOT FOR DEPOSIT" and "EFT ONLY; FOR DISCHARGE OF DEBT" written on the back. The checks are dated April 26, 2012 and August 4, 2012 and signed on the back by the account owner with the words "AUTHORIZED REPRESENTATIVE." Additionally, the August check includes the phrase "WITHOUT RECOURSE" under the signature.

Jones has also attached copies of return receipts, which indicate that the checks were sent by certified mail and received by Wells Fargo Home Mortgage. She has submitted a letter from Wells Fargo, dated July 25, 2012, that shows that the payoff amount of her loan (through September 4, 2012) was $100,994.79. The April check was for $95,000. The August check was for $100,994.79.

---

[1] One check was to be drawn on Jones' account. The other was to be drawn on the account of a person named Rodney Underwood.

## II. Motion to Dismiss Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. However, "[p]ro se litigants are held to a lesser pleading standard than other parties." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Here, I

conclude that I may consider, as matters embraced by the pleadings, the deed of trust, note, payoff letter, and copies of personal checks that the parties have submitted as exhibits.

## III. Discussion

It is unclear what claims Jones is bringing. Her complaint is titled "Petition to Set Aside Foreclosure and Unlawful Foreclosure." Though she has listed what she calls a first, second, and third cause of action, they do not state the elements of any recognizable claim. However, she appears to allege that Wells Fargo has unlawfully foreclosed on her home, engaged in unlawful trespass, and violated certain amendments of the United States Constitution, as well as "federal banking rules" and several provisions of the Uniform Commercial Code.

### *Wrongful Foreclosure*

Construing Jones' complaint liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106, I will presume she intended to bring a claim for wrongful foreclosure. First, to state an action for wrongful foreclosure in tort,[2] a plaintiff must plead that she complied with the terms of the deed of trust so that "there was no default on [her] part that would give rise to a right to foreclose." *Dobson*, 259 S.W.3d at 22. Jones

---

[2] Missouri law distinguishes between "wrongful foreclosure" sufficient to set aside a sale and "wrongful foreclosure" to recover damages in tort. *Dobson v. Mortg. Elec. Reg. Sys., Inc./GMAC Mortg. Co.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Since Jones does not seek to set aside the foreclosure of her home, but instead seeks damages, I will assume she intends to plead a claim of wrongful foreclosure in tort.

fails to plead that she was not in default. Although it is not clear from her complaint, Jones had apparently stopped making monthly mortgage payments at some point before foreclosure. *See* Pl.'s Ex. B, Payoff Letter, Doc. 9-1 (dated July 25, 2012 and stating that the "Note/Security Instrument is due for payment May 01, 2012"). Although she attempted to pay off "the debt," as she calls it, she did not do so in one of the ways permitted under the deed of trust. By virtue of the deed of trust and the payoff notice sent by Wells Fargo, Jones could have paid what she owed with a certified check or an electronic funds transfer. *See id.* ("Payoff funds must be made by wire, cashier's check or certified funds."); *see also* Def.'s Ex. 1, Deed of Trust, Doc. 11-1, ¶ 19 (giving lender the right to require that reinstatement funds be made in certain forms, including certified check, cashier's check, or electronic funds transfer). However, the modified personal checks she sent to Wells Fargo were neither. Under the Deed of Trust, an electronic funds transfer is – by definition – not a check. *See* Deed of Trust, p. 2, Sect. L (electronic funds transfer means, in pertinent part, "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument . . ."). Under this definition, writing "EFT only" on a personal check – or other similar paper instrument – cannot transform it into an electronic funds transfer. Therefore, Jones has not pled that she complied with the terms of the deed of trust

or that she was not in default at the time of foreclosure. As such, she has not stated a claim for wrongful foreclosure in tort.

### *Trespass*

Under Missouri law, trespass is a "*direct* physical interference with the person or property of another." *E.g., Looney v. Hindman*, 649 S.W.2d 207, 212 (Mo. banc 1983) (emphasis in original). Because Jones has not pled any physical interference with her land besides the foreclosure proceedings, which she has not sufficiently alleged were wrongful, any trespass claim must fail.

### *Alleged Constitutional Violations*

In her response to Wells Fargo's motion to dismiss, Jones apparently dismisses her claims that Wells Fargo violated certain Constitutional rights. Even if she had not done so, these claims would necessarily fail. Jones' allegations related to the deprivation of her liberty and property, and the violation of her rights under various Constitutional amendments, are too vague and conclusory to support any claim. She alleges no facts in support of these claims. Without more, these claims wholly fails to meet the requirements of Rule 8(a)(2). *See Twombly*, 550 U.S. at 555 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

*Uniform Commercial Code*

In her complaint, Jones alludes to certain provisions of the Uniform Commercial Code. She appears to be under the impression that her "tender" of the modified personal checks discharged her debt under Missouri law. Jones cites UCC 3-603, codified in Missouri at Mo. Rev. Stat. § 400.3-603(b), for the proposition that "[r]efusal of tender is discharge of debt." This is not what this statute says. Instead, it says that refusal of tender – under certain circumstances – may discharge the "obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates." The statute relates to the rights of endorsers[3] and accommodation parties and does not provide for the discharge of Jones' obligations under the deed of trust and accompanying note.

The other UCC provisions Jones mentions are related to "holder in due course" status, which is irrelevant to Wells Fargo's right to foreclose. *See White v. Mid-Continent Investments, Inc.*, 789 S.W.2d 34, 39 (Mo. Ct. App. 1990) ("holder in due course or not, [the lender's assignee] can enforce its claim under [the mortgagor's] note and deed of trust unless she can assert legitimate defenses").

---

[3] Even assuming Jones became an "endorser" because she signed the back of the August check, this statute does nothing to affect her obligations as the mortgagor of her home.

In her response to Wells Fargo's motion to dismiss, Jones also asserts that the deed of trust was void from the beginning. She appears to base this assertion on a provision from the deed of trust, which states that:

> BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demand, subject to any encumbrances of record.

Def.'s Ex. 1, Deed of Trust, Doc. 11-1, p. 3. Jones seems to believe this provision means that no encumbrance was placed on the property by virtue of the deed of trust and that, therefore, she had no obligations to make payments under the accompanying note. This is simply wrong: one of the purposes of the deed of trust was plainly to encumber her property and to oblige her to make payments. *See* Deed of Trust, p. 3 ("This Security Instrument secures to Lender: (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."); *see also Belote v. McLaughlin*, 673 S.W.2d 27, 30–31 (Mo. banc 1984) (a "deed of trust creates a lien on the land to secure payment of [a] debt" evidenced by a note and secured by the deed). For the foregoing reasons, Jones has failed to state a claim under the UCC.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#4] is granted.

A separate Order of Dismissal is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.